## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LORI JO BRIGGS,

                Plaintiff,

      v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

CIVIL ACTION NO. 3:19-CV-01178

(MEHALCHICK, M.J.)

### MEMORANDUM OPINION

Plaintiff Lori Jo Briggs brings this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. (Doc. 1). The matter was referred to the undersigned United States Magistrate Judge to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). The parties thereafter consented to the undersigned's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1), to conduct all further proceedings relating to this action. (Doc. 9).

For the following reasons, the Commissioner's decision to deny Briggs disability insurance benefits under Title II of the Social Security Act is **AFFIRMED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On August 31, 2009, Briggs filed a Title II application for benefits, alleging a disability onset date of October 20, 2007. (Doc. 8-6, at 11). The Social Security Administration (SSA) denied the application on November 30, 2009, and upon reconsideration on March 19, 2010. (Doc. 8-3, at 3-4; Doc. 1, at 2). Briggs requested a hearing, which was held before

Administrative Law Judge (ALJ) Kelley Fitzgerald on June 24, 2011. (Doc. 8-3, at 60; *see* Doc. 8-2, at 9). On August 26, 2011, ALJ Fitzgerald issued a partially favorable decision, finding Briggs disabled but with an onset date of January 1, 2011, rather than October 20, 2007. (Doc. 8-3, at 21). Briggs began to receive disability benefits. (Doc. 8-4, at 98-99).

Briggs appealed, arguing that "[t]he decision made was incorrect as a matter of fact and law" and that she was entitled to an earlier onset date. (Doc. 8-4, at 99; *see* Doc. 8-2, at 52-58; Doc. 8-4, at 98). On May 22, 2013, the Appeals Council vacated ALJ Fitzgerald's decision because it did "not contain adequate support for finding that [Briggs]'s residual functional capacity changed on January 1, 2011." (Doc. 8-3, at 33; *see* Doc. 8-5, at 44). Remanding the case for further proceedings, the Appeals Council directed that Briggs be offered another hearing. (Doc. 8-3, at 33-34).

On September 4, 2013, Briggs and her attorney submitted a "Request to Withdraw Request for Hearing," signed by both, indicating as follows:

> I am aware that I have filed a Request for Hearing before an Administrative Law Judge. With this Request [to] Withdraw, I am requesting that my appeal to the Administrative Law Judge be dismissed.
>
> I am aware that based upon the Notice that I received from the Social Security Administration that I have been denied benefits.
>
> I am further aware that by signing and filing this Request to Withdraw my Request for Hearing, that the reconsideration determination previously entered in my case will become the final decision by the [SSA] and that I cannot appeal that decision. I further state that I am filing this Request for Withdrawal Voluntarily and without undue influence.

(Doc. 8-5, at 53) ("Withdrawal Request").

Based on the Withdrawal Request, on October 24, 2013, ALJ William H. Greer issued an Order of Dismissal dismissing Briggs's request for a hearing pursuant to 20 C.F.R. 404.957(a). (Doc. 8-2, at 35). After determining that Briggs's request to withdraw reflected

her knowing understanding of the "effects of her withdrawal . . . ," ALJ Greer held that "[Briggs]'s request for hearing dated April 27, 2010 is dismissed and the reconsideration determination dated March 19, 2010 remains in effect." (Doc. 8-2, at 35, 37-39). Briggs continued to receive disability benefits for several years thereafter.

On May 31, 2017, the SSA's District Office directed a "Report of Contact" to the Office of Disability Operations (ODO) containing, in part, the following statements:

> We are asking PC7[1] to review this case and reopen the decision to a denial. Claimant originally filed an initial DIB claim in Florida in 08/31/09 and was denied in 12/2009. The next level or appeal was a reconsideration, and the reconsideration was also denied 12/2009. NH and her attorney filed a hearing and was awarded a partially favorable decision on 08/26/2011 (adverse onset). We began payment and then the NH appealed the adverse onset to the Appeals Council. The AC remanded the onset issue back to the ALJ on 05/22/2013. On 09/2013, for some unknown reason, claimant and her representative signed a request to withdraw the hearing request [] and it clearly states that the NH understands that the reconsideration decision is final. ALJ William Greer dismissed the hearing in a Notice of Dismissal on 10/24/2013 [].
>
> I have suspended the benefits to a "59" code until the denial is processed. We are unsure how this case was missed, but it was never properly terminated and claimant did not contact us in the five years that she continued to receive payments after signing the withdrawal. The "C'3" on the record will also be denied. All individuals on this record will be overpaid.

(Doc. 8-2, at 31 (footnote added)).

Almost one year later, in July 2018, the SSA informed Briggs that she had been overpaid $77,240.80 in Title II benefits. (Doc. 1, at 2).

On October 15, 2018, ALJ Greer issued an Amended Order of Dismissal in which he again dismissed Briggs's request for a hearing based on the Withdrawal Request but

---

[1]   "PC7" refers to one of ODO's processing centers. *See* https://secure.ssa.gov/apps10/poms.nsf/lnx/0440101010.

concluded that "the ALJ Partially Favorable decision dated August 26, 2011 remains in effect." (Doc. 8-2, at 29).[2]   The Amended Order of Dismissal, in effect, reinstated ALJ Fitzgerald's initial determination that Briggs was disabled as of January 1, 2011.

In an October 2018 Memorandum to its Office of Disability Adjudication Review, the SSA's Office of Disability Operations (ODO) indicated, "[w]e are unable to effectuate [ALJ Greer's] dismissal decision dated October 15, 2018, as it contains an error in law." (Doc. 8-5, at 54). The ODO explained that under HALLEX 1-2-8-5,[3] "a decision can only be changed or modified by an individual of the same level or higher. Therefore, [ALJ Greer] lacks the authority to reinstate the August [] 2011 ALJ decision that the Appeals Council vacated." (Doc. 8-5, at 54). The ODO added that "after an Appeals Council remand, the ALJ is required to issue a new decision, or dismiss the request for hearing," and ALJ Greer had dismissed the request for a hearing and determined that the March 19, 2010 denial of disability remained in effect. (Doc. 8-5, at 54). Finally, the ODO noted that "the Appeals Council decision of May 22, 2013 vacated the hearing decision dated August 26, 2011." (Doc. 8-5, at 54).

On April 19, 2019, the Appeals Council vacated the ALJ's Notice of Amended Order of Dismissal and "determined that the denial made by SSA on 03/19/2010 was the final determination in the matter." (Doc. 1, at 3; Doc. 10, at 2; Doc. 8-2, at 6-9). The Appeals Council explained, in relevant part, as follows:

> We note first that [ALJ Greer] lacked the jurisdiction to amend the prior order

---

[2] Briggs contacted her local Congressperson to ask that the matter be investigated, precipitating a letter to the SSA. (Doc. 1, at 2; Doc. 8-2, at 18). The record does not indicate whether this letter prompted any action by the SSA or ALJ Greer in particular.

[3] HALLEX (Hearing, Appeals and Litigation Law Manual) is a Social Security Administration publication that provides guidance to ALJs and other adjudicators concerning SSA proceedings and regulations. *See* https://www.ssa.gov/OP_Home/hallex/hallex.html.

of dismissal issued on October 24, 2013. A dismissal of a request of a hearing is binding unless vacated by an [ALJ] or the Appeals Council (20 CFR 404.959 and HALLEX I-2-4-5.F). A claimant may ask the [ALJ] or the Appeals Council to vacate a dismissal order, but any such request must be made within 60 days of the date of receipt of the dismissal order (20 CFR 404.960(a) and HALLEX I-2-4-10.A). This was explained in the order of dismissal issued on October 24, 2013. However, neither you nor your representative requested the [ALJ] or Appeals Council to vacate the order of dismissal within 60 days of receipt. After the 60-day period expired, the [ALJ] and the Appeals Council no longer had jurisdiction to vacate the October 24, 2013 order of dismissal. Therefore, the unfavorable reconsideration determination issued on March 19, 2010, became the final and binding determination of the Commissioner . . . in your claim, and no further appeal of that determination was possible. For these reasons, [ALJ Greer]'s recent attempt to vacate the October 24, 2013 order of dismissal represents an error of law.

Moreover, even if [ALJ Greer] had jurisdiction to vacate the prior order of dismissal, he had no authority to give effect to the prior partially favorable hearing decision issued on August 26, 2011. The cover notice of the partially favorable hearing decision explained that, if you requested review of that decision by the Appeals Council, the Council would consider all of the decision, even the parts with which you agree, and that our review may make the decision more or less favorable or unfavorable to you. You subsequently requested review of the partially favorable decision. The Appeals Council granted that request and vacated the entire decision, including the favorable portion, and remanded it to the [ALJ]. In the remand order, the Appeals Council specifically concluded that the finding of disability in the favorable portion of the decision was not supported by substantial evidence. The Council also instructed the [ALJ] to offer you the opportunity for a new hearing, further consider the issues in the case, and issue a new decision. Before that happened, however, you and your representative asked the [ALJ] to dismiss your request for hearing. In the letter requesting withdrawal, which both you and your representative signed, you stated that you were aware the [SSA] had denied you benefits, that you were aware the reconsideration determination previously entered in your case would become the final decision of the [SSA], and that you were aware you could not appeal that decision. You further stated that you made the request for withdrawal voluntarily and without undue influence. In light of this request, [ALJ Greer] properly dismissed your request for hearing in accordance with 20 CFR 404.957(a) and HALLEX I-2-4-20. In sum, once the Appeals Council vacated the partially favorable decision of August 26, 2011, [ALJ Greer] had no authority to reinstate that decision, and once the request for hearing was dismissed at your request, no new decision could be issued. Thus, the reconsideration determination of March 19, 2010, remains as the final determination of the Commissioner in your case. Therefore, [ALJ Greer]'s recent attempt to amend the prior order of dismissal and reinstate the partially favorable hearing decision of August 26, 2011, also represents an error

of law and is of no legal effect.

> Although [ALJ Greer] lacked the legal authority to issue the amended order of
> dismissal on October 15, 2018, the Appeals Council retains the authority to
> intervene. As noted above, the Appeals Council may initiate review to vacate
> a dismissal order within 60 days of the date the dismissal was issued (20 CFR
> 404.960 and HALLEX I-2-4-10). As such, we are vacating the amended order
> of dismissal of October 15, 2018, and intend to issue a new decision clarifying
> the matter. The Appeals Council emphasizes that we are not re-adjudicating
> the issue of disability, nor are we reissuing the order of dismissal date October
> 24, 2013, since the Appeals Council, like the [ALJ], has no authority to disturb
> that order.

(Doc. 8-5, at 58-59 (internal citations to record omitted)).

Briggs filed the instant complaint on July 10, 2019, seeking a judgment in her favor and a determination that she is a disabled person under Title II with an onset date of January 1, 2011. (Doc. 1, at 3). She specifically argues that (1) the Appeals Council lacked jurisdiction to review ALJ Greer's 2018 reinstatement of benefits on referral from the ODO; (2) the Appeals Council's April 19, 2019 decision is contrary to the law; and (3) the Appeals Council's April 19, 2019 decision is not supported by substantial evidence. (Doc. 1, at 3).

## II.  DISCUSSION

Briggs has framed the issue presented in her complaint as follows: "This matter presents one legal issue—whether the [ALJ] had jurisdiction to vacate the Original Order of Dismissal issued on October 24, 2013." (Doc. 10, at 2).[4] Briggs submits that the May 2017 Report of Contact had the effect of reopening her case entirely and for all purposes, which authorized ALJ Greer to modify the Order of Dismissal following Briggs's Withdrawal

---

[4] Briggs asserts that "[b]ecause the Appeals Council[] specifically provides 'we are not re-adjudicating the issue of disability,' the Plaintiff shall forgo discussion of the medical evidence." (Doc. 10, at 2).

Request.

Unfortunately, the Court is not empowered to grant the relief Briggs seeks, although she may seek a waiver from the SSA to avoid having to pay back the benefits she received, or she can file a new claim for benefits. *See* 20 C.F.R. § 404.502a.

First, ALJ Greer was authorized to issue the October 2013 Order of Dismissal dismissing Briggs's request for a hearing provided that, as here, Briggs indicated she understood the effects of withdrawal. *See* HALLEX I-2-4-20; 20 C.F.R. § 404.957(a). Indeed, Briggs does not challenge the validity of the initial Order of Dismissal, nor does she explicitly disclaim ever having signed and willingly submitted her Withdrawal Request.[5] Thus, the Order of Dismissal and reinstatement of the March 2011 denial of benefits was issued in accordance with the regulations.

Second, as the Appeals Council correctly noted – and consistent with the regulations and HALLEX – neither the Appeals Council nor ALJ Greer was authorized to revisit and reconsider the October 2013 Order of Dismissal several years after its issuance. Although the Appeals Council or an ALJ "may vacate a dismissal of a request for a hearing," they may only do so if the claimant requests that the dismissal be vacated "*within 60 days of the date [the claimant] receive[s] notice of the dismissal*." 20 C.F.R. § 404.960(a) (emphasis added); HALLEX I-2-4-11. Since Briggs did not challenge the Order of Dismissal until several years after it was

---

[5] In her complaint, Briggs's counsel characterizes certain allegations as though they are mere allegations and not part of the SSA record. Most notably, the complaint indicates that the SSA "alleges" that Briggs requested review from the Appeals Council in 2011 and "alleges" that she subsequently submitted a request to withdraw her request for a hearing. (Doc. 1, at 2). Briggs does not otherwise argue that she did not seek review from the Appeals Counsel (or that her counsel was unauthorized to do so) or that she did not wish to withdraw her request for a hearing. (*See* Doc. 1; Doc. 10).

issued, i.e., not within the 60-day window, ALJ Greer lacked the power to vacate the Order of Dismissal in 2018. *See* 20 C.F.R. § 404.960(a); HALLEX I-2-4-10. After the 60-day window had expired, the March 2011 decision denying benefits upon reconsideration became the Commissioner's final determination. As for Briggs's contention that the SSA had fully reopened her claim following its discovery of the overpayment of benefits in 2017, "[t]he dismissal of a request for a hearing is binding, unless it is vacated by an [ALJ] or the Appeals Council." 20 C.F.R. § 404.959; HALLEX I-2-8-5. To empower an ALJ to vacate such a dismissal, however, Briggs was required to submit a request within 60 days of ALJ Greer's dismissal. HALLEX I-2-4-20. Given Briggs's failure to do so, ALJ Greer was not permitted to vacate his previous Order of Dismissal.

Third, because the Appeals Council had, on initial appeal, vacated the August 2011 partially favorable decision, ALJ Greer was not permitted to reinstate that vacated decision. ALJ Greer could have initially held a new hearing in accordance with the Appeals Council's instructions on remand, but before any rehearing could be held, Briggs withdrew her request for a hearing altogether. At that point, ALJ Greer, believing it appropriate to dismiss the request for a hearing, accepted Briggs's withdrawal as valid and dismissed the hearing request. ALJ Greer therefore went beyond his authority when, in 2018, he again dismissed Briggs's request to withdraw her request for a hearing while, at the same time, reinstating ALJ Fitzgerald's August 2011 partially favorable decision that the Appeals Council had found was insufficiently supported and therefore vacated.

Briggs argues that ALJ Greer never overturned the Appeals Council's remand and determination that substantial evidence did not support ALJ Fitzgerald's partially favorable decision. Briggs instead submits that ALJ Greer merely revisited his own Order of Dismissal

in light of the Commissioner's reopening of Briggs's claim. As already noted, *supra*, ALJ Greer was authorized to hold a   new hearing in accordance with the Appeals Council's instructions, but nowhere in the Appeals Council's decision did the Council permit ALJ Greer to reinstate the ALJ's partially favorable decision without issuing a new decision. Further, under 20 C.F.R. § 404.977, in a claim remanded by the Appeals Council, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional *action that is not inconsistent with the Appeals Council's remand order.*" 20 C.F.R. § 404.977(a) (emphasis added). Here, ALJ Greer's decision to reinstate a determination awarding benefits was entirely inconsistent with the Appeals Council's express vacatur of ALJ Fitzgerald's deicison for lack of substantial evidence.

Fourth, the Appeals Council was within its discretion to undertake a *de novo* review of ALJ Greer's 2018 Amended Order of Dismissal within 60 days of ALJ Greer's issuance of that Order. 20 C.F.R. § 404.969(a) ("Anytime within 60 days after the date of a decision or dismissal that is subject to review under this section, the Appeals Council may decide on its own motion to review the action that was taken in your case."). The Appeals Council issued a Notice of Appeals Council Action in this case on December 14, 2018 (within 60 days of the October 15, 2018 Amended Order of Dismissal) in accordance with § 404.969(a). (Doc. 8-5, at 55). The Appeals Council then proceeded to apply the regulations and SSA guidance to hold that ALJ Greer was not empowered to revisit his 2018 Order of Dismissal and reinstate benefits under ALJ Fitzgerald's partially favorable decision.

Briggs argues that the Commissioner reopened this claim under 20 C.F.R. 404.988, allowing ALJ Greer to revisit and amend the original Order of Dismissal to reinstate the partially favorable decision. (Doc. 10, at 3-4). Although 20 C.F.R. § 404.988 does confer upon

the Appeals Council the right to reopen a claim, nowhere in the record is it suggested that the Appeals Council reopened this claim pursuant to § 404.988. Rather, the Appeals Council explicitly invoked § 404.969(a) as the basis for reviewing ALJ Greer's 2018 Amended Order of Dismissal within 60 days of its issuance. Even assuming § 404.988 permitted ALJ Greer to redecide his original Order of Dismissal, the regulations did not permit ALJ Greer to ignore Briggs's Withdrawal Request and issue, without a new decision, a determination counter to the Appeals Council's finding that the partially favorable decision was not based on substantial evidence.

Given the Court's analysis and assessment of the Appeals Council's reasoning, there is no basis for granting Briggs's request that the Court remand her claim for a determination as to whether ALJ Fitzgerald's partially favorable decision was supported by substantial evidence. This claim is closed, although it remains to be said whether Briggs is entitled to a waiver of the SSA's overpayment.

## III.   CONCLUSION

Accordingly, because ALJ Greer dismissed Briggs's request for a hearing and properly determined that the March 2011 denial of benefits represented the SSA's final decision, ALJ Greer lacked authority to revisit that decision several years later and award benefits inconsistent with the Appeals Council's prior decision, and the regulations authorized the Appeals Council's review and vacatur of ALJ Greer's 2018 decision, Briggs has presented no basis for this Court to grant judgment in her favor.

The SSA's denial of benefits is therefore **AFFIRMED**, and the Clerk of the Court is directed to close this case. An appropriate order will follow.


**BY THE COURT:**


**Dated: August 1, 2020**                              *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**